PAUL L. MAYERS AND ANOTHER v. C. W. MICHAEL AND OTHERS.

124 N. W. (2d) 733.

November 22, 1963—No. 38,197.

*E. C. Mogren,* for appellants.
*Ulvin & Christensen,* for respondents Michael.

FRANK T. GALLAGHER, C.

Appeal from a portion of a judgment of the district court.

Plaintiffs, Paul L. and Catherine M. Mayers, on December 11, 1951, purchased Lot 9, Block 44, St. Anthony Park, Ramsey County, under a contract for deed from defendants C. W. and Anna M. Michael. In October 1952, defendants William J. (a brother of Paul) and Frances Mayers purchased a portion of Lot 10 adjoining said Lot 9 on the east. Later by a survey it was discovered that adverse possession of a portion of Lot 9 had been established by the owners of Lot 10. Defendants Michael, according to plaintiffs, were then asked to "straighten out" the title to Lot 9, but failed to do so.

Plaintiffs then brought this action against defendants Michael and William J. and Frances Mayers to determine the boundaries of Lot 9 and for damages, attorneys' fees, and costs and disbursements from defendants Michael.

The case was tried without a jury. It appears that the trial court and counsel recognized that the action was premature, at least so far as defendants Michael were concerned, because plaintiffs were not in a position to demand title at that time. By stipulation of the parties, the case was tried as if the contract had been completed and plaintiffs were entitled to full performance.

The court's findings included the following:

"That the Defendants, William J. Mayers and Frances Mayers, are now in possession and through their predecessors in interest have been, for more than fifteen (15) years prior hereto, in continuous, open, adverse, exclusive possession of all that part of Lot nine (9) Block forty-four (44) St. Anthony Park, Ramsey County, Minnesota, described as follows, to-wit:

"Commencing at the Northeast corner of said Lot Nine (9), thence southerly along the easterly line of said Lot Nine (9) to the Southeast

corner thereof; thence southwesterly along the southerly line of said Lot Nine (9); fourteen and 6/100 (14.06) feet; thence in a straight line to the point of beginning.

"That the Defendants, C. W. Michael and Anna M. Michael, have a good marketable title to all of said Lot nine * * * except the portion thereof held in adverse possession by Defendants, William J. Mayers and Frances Mayers * * *."

It also found that the plaintiffs had failed to sustain their burden of proving damages by reason of the adverse possession of defendants Mayers to the portion of Lot 9 described above.

The court decreed that upon full payment by the plaintiffs to defendants Michael of all moneys payable under the contract for deed the latter should execute and deliver to plaintiffs, as their full performance of the contract, a warranty deed to the following described real estate:

"Lot Nine (9), Block Forty-four (44), St. Anthony Park, according to the plat thereof filed of record in the office of the Register of Deeds in and for Ramsey County, Minnesota, excepting therefrom that portion lying easterly of a line drawn from the northeast corner of said Lot Nine (9) to a point on the southerly line of said Lot Nine (9) Fourteen and 6/100 (14.06) feet southwesterly of the southeast corner thereof, measured along said southerly line of said Lot Nine (9)."

Thereafter, plaintiffs moved that the court's findings and conclusions be amended in certain particulars. This motion was denied.

No motion for a new trial was made. The only question raised by plaintiffs on appeal was whether or not they were entitled to damages and other relief. The portion of the judgment appealed from by plaintiffs was the paragraph determining that they had failed to sustain their burden of proving damages by reason of the adverse possession of defendants Mayers to a portion of Lot 9. They also appealed from the failure of the court to award them "damages, attorneys' fees, costs and disbursements" against defendants Michael.

On appeal from a judgment, where there has been no motion for a new trial, we are limited to a consideration of whether the evidence

sustains the findings of fact and whether the findings sustain the conclusions of law and judgment. Olson v. Mullen, 244 Minn. 31, 68 N. W. (2d) 640.

An examination of the record here satisfies us that there was evidence to sustain the findings of the trial court and that the findings sustained the conclusions and judgment.

Affirmed.

MR. JUSTICE OTIS took no part in the consideration or decision of this case.